UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| MICHELE PRICE<br><br>           Plaintiff,<br><br>vs.<br><br>THE SCHOOL BOARD OF FLAGLER COUNTY, FLORIDA and ROBERT RINKER, Individually,<br><br>           Defendant. | CASE NO.: |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHELE PRICE (hereinafter referred to as "PLAINTIFF" or "Ms. Price"), by and through the undersigned counsel, hereby sues Defendant, THE SCHOOL BOARD OF FLAGLER COUNTY, FLORIDA (hereinafter referred to as "Defendant" or "SCHOOL BOARD"), and ROBERT RINKER (hereinafter referred to as "Mr. Rinker"), individually, and in support thereof states the following:

### JURISDICTION AND VENUE

1.  This action arises, in part, under 42 U.S.C.A. 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, *et. seq.* as amended by the Civil Rights Act of 1991 ("Title VII"), and the Florida Civil Rights Act of 1992, §760.01, *et. seq.*, Florida Statutes ("FCRA").

2. This is an action involving a federal question, thus invoking the jurisdiction of this Court under 28 U.S.C.A. §1331. This Court also has supplemental jurisdiction over the Florida state law claims alleged herein under 28 U.S.C.A. §1367 (a).

3. Venue is appropriate in this Court given that the actions forming the basis of this Complaint occurred in Flagler County, Florida which lies within the venue of the Jacksonville Division of the United States District Court for the Middle District of Florida.

4. This Court is vested with jurisdiction to order back pay, front pay or any other equitable relief as may be proper, and compensatory and punitive damages, attorneys' fees and costs pursuant to 42 U.S.C.A. 1981(a), 42 U.S.C.A. §2000e-5(g) and §760.11(5), Florida Statues.

## PARTIES

5. Plaintiff, Ms. Price, is a female citizen of the United States. At all times relevant, Plaintiff was a resident of Flagler County in the State of Florida. Plaintiff was employed with Defendant, SCHOOL BOARD and performed her employment duties in Flagler County, Florida.

6. Defendant, SCHOOL BOARD, pursuant to the Florida K-20 Education Code, Chapters 1000-1013, Florida Statutes, is the governing body of the school district of Flagler County, Florida, which controls, operates, supervises and employs persons to work for the Flagler County School District. Defendant, SCHOOL BOARD, as a political subdivision of the State of Florida is a state actor. Defendant, SCHOOL BOARD is subject to civil lawsuits pursuant to Section 1001.41(4), Florida Statutes.

7. Defendant, SCHOOL BOARD, is an "employer" within the meaning of 42 U.S.C. 2000e.

8. Defendant, Robert Rinker, is a citizen of the United States. At all times relevant, Defendant, Robert Rinker, was a resident of the State of Florida. Defendant, Robert Rinker, is and was employed by the Defendant School Board, and at all times relevant to the allegations set forth in this Complaint was the direct supervisor of Plaintiff.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9. Plaintiff timely filed a charge with the Florida Commission on Human Relations (Charge No. 15D-2007-00578) for discrimination based on sex and retaliation.

10. This action is filed within ninety (90) days of Plaintiff's receipt of Notice of Right's letter dated May 23, 2011; a true and correct copy of said letter is attached and marked as **Exhibit A**.

11. Plaintiff has satisfied any and all administrative conditions precedent to filing of this action as contemplated by §760.11, Florida Statutes, given that he filed the above-referenced charges with the EEOC.

## GENERAL ALLEGATIONS

12. On or about February, 1, 2006, Plaintiff was hired by Defendant, SCHOOL BOARD and began working for Defendant as a Teacher's Assistant in an ESE (Special Education Classroom).

13. Plaintiff worked under the direct supervision of Defendant, Mr. Robert Rinker.

14. From the very beginning of Plaintiff's employment with Defendant, SCHOOL BOARD, Defendant, Mr. Rinker, subjected Plaintiff to a continuous and pervasive pattern of sexual harassment. Mr. Rinker's behavior included constant verbal harassment, offensive and vulgar statements of a sexual nature as well as unwanted and uninvited physical contact.

15. Plaintiff at all times adequately performed her job duties, until the sexual harassment by Defendant Mr. Rinker, interfered with her ability to perform her work and led to an adverse employment action against her.

16. Mr. Rinker constantly made sexually explicit comments and jokes to Plaintiff which continuously created a sexually charged atmosphere.

17. Plaintiff was sexually harassed by Mr. Rinker on a daily basis.

18. Mr. Rinker made offensive sexual contact with Plaintiff almost on a daily basis, including touching Plaintiff's body in an inappropriate sexual manner, rubbing Plaintiff's back with his hand, conspicuously leering at Plaintiff's breasts and regularly walking behind her.

19. Plaintiff consistently and adamantly rejected Mr. Rinker's advances.

20. Mr. Rinker continued making offensive contact with Plaintiff. Mr. Rinker put pressure on Plaintiff by making her job more difficult and by humiliating her in front of the students.

21. Plaintiff reported and/or complained about the unfair, disparate and discriminatory treatment to the appropriate individuals at his employment, which is a protected conduct.

22. On numerous occasions, Plaintiff complained to her supervisors about Mr. Rinker's unlawful behavior. Plaintiff complained to SCHOOL BOARD's Department Head, Ms. Sue Marier ("Ms. Marier") and to SCHOOL BOARD's Principal Assistant, Mr. Paul Peacock ("Mr. Peacock").

23. Unfortunately, Ms. Marier and Mr. Peacock allowed Mr. Rinker to continue sexually harassing Plaintiff without any reprimand.

24. As the nature of the sexual harassment escalated, Plaintiff felt that the situation was so intolerable that she contacted Ms. Nancy Williams, School Principal.

25. On or about March 14, 2007, Plaintiff reported to Ms. Willis that Mr. Rinker had been sexually harassing her from the first day of her employment.

26. Plaintiff was asked by Defendant, SCHOOL BOARD, to write a statement about the incidents that had occurred.

27. Plaintiff was also asked by Defendant, SCHOOL BOARD, to give a statement to SCHOOL BOARD's head of Human Resources, Ms. Harriet Holiday ("Ms. Holiday").

28. Plaintiff was informed by SCHOOL BOARD they were going to initiate an investigation about the sexual harassment allegations.

29. After the investigation concluded, Plaintiff was demoted to a different classroom.

30. Plaintiff was forced to work with severely autistic students who were extremely violent.

31. Plaintiff was obliged to resign her employment on April 19, 2007 and thereby was constructively discharged to her refusal to accept a demotion.

## **COUNT I AGAINST SCHOOL BOARD**

### **Federal Civil Rights Act of 1964 – Title VII Violations**

32. Plaintiff sues Defendants for Title VII violations, readopts and realleges paragraphs 12 through 31 as fully set forth herein, and further alleges:

33. Plaintiff is a member of a protected class because she is a female.

34. SCHOOL BOARD is an employer within the meaning of Title VII and has more than fifteen (15) employees.

35. Plaintiff is qualified for the position of Teacher's Assistant apart from her sex.

5

36. Plaintiff's job was made disproportionately more difficult because of her sex and Plaintiff was constructively terminated from the Teacher's assistant position because of her sex.

37. Plaintiff was subjected to harassment and discrimination because of her sex in the form of hostile work environment in that she was required to undergo repeated inappropriate conduct, comments, and retaliation as set forth above, from her supervisor, Mr. Rinker.

38. Such actions constitute unlawful employment practices under §§760.01–760.10, Florida Statutes.

39. A legitimate, non-discriminatory reason does not exist to justify Defendant's intentional, disparate and discriminatory actions toward Plaintiff.

40. The unlawful employment practices complained of herein and the actions of Defendant, SCHOOL BOARD and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights, thus entitling Plaintiff to compensatory damages and punitive damages to punish Defendant for its actions and to deter them, and others, from such actions in the future.

41. As a direct, proximate and foreseeable result of Defendant's and its agents' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

42. The actions of Defendant and its agents make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

WHEREFORE, Plaintiff, Michele Price, demands judgment as follows:

    A. That damages be assessed against SCHOOL BOARD for compensatory and emotional stress suffered as a result of the wrongful acts;

B. That punitive damages be assessed against SCHOOL BOARD as a result of the intentional willfulness and wrongful acts;

C. Prejudgment interest and back pay;

D. That SCHOOL BOARD be ordered to pay to the Plaintiff all reasonable attorneys' fees plus costs of suit;

E. That SCHOOL BOARD be ordered to pay front pay in lieu of reinstatement; and

F. That the Court grants Plaintiff such other relief as may be just and proper.

## COUNT II AGAINST SCHOOL BOARD
### Violation of the Florida Civil Rights Act – Sexual Harassment and Hostile Work Environment Discrimination

43. Plaintiff sues Defendant SCHOOL BOARD for Sexual Harassment and Hostile Work Environment under the Florida Civil Rights Act ("FCRA"), readopts and realleges paragraphs 12 through 31 as fully set forth herein, and further alleges:

44. This is an action against Defendant SCHOOL BOARD for its violations of the FCRA by unlawfully allowing, and refusing to remedy, the above-described unlawful sex based harassment and hostile work environment experienced by Ms. Price as an employee of Defendant.

45. Plaintiff is a member of a protected class because she is a female.

46. Plaintiff is qualified for the position of Teacher's Assistant apart from her sex.

47. The actions of Defendant, by and through the conduct of their agents, employees, supervisors, officers and directors including Mr. Rinker, were based on Ms. Price being female.

48. Plaintiff's job was made disproportionately more difficult because of her sex and Plaintiff was terminated from the Teacher's Assistant position because of her sex.

49. Plaintiff, being subjected to this sexual harassment and sexually hostile, offensive and anti-female work environment created by Defendant was unreasonably affected in a "term, condition, or "privilege" of employment under Florida Statute 760.10, and her psychological well-being was seriously affected. Moreover, Defendant took a tangible, adverse employment action against Ms. Price, by and through the actions of its agents, when it created and intolerable work environment resulting in her constructive termination.

50. The conduct Defendant SCHOOL BOARD, by and through its agents, employees, supervisors, and managers, including Mr. Rinker, and Defendant's failure to take prompt investigative and remedial action to prevent continued harassment of Plaintiff, deprived her of her statutory rights under Florida Statute §760.10.

51. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights, thus entitling Plaintiff to compensatory damages and punitive damages to punish Defendant for its actions and to deter them, and others, from such actions in the future.

52. As a direct, proximate and foreseeable result of SCHOOL BOARD's and its agents' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

53. The actions of SCHOOL BOARD and its agents make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

WHEREFORE, Plaintiff, Michele Price, demands judgment as follows:

A. That damages be assessed against SCHOOL BOARD for compensatory and emotional stress suffered as a result of the wrongful acts;

B. That punitive damages be assessed against SCHOOL BOARD as a result of the intentional willfulness and wrongful acts;

C. Prejudgment interest and back pay;

D. That SCHOOL BOARD be ordered to pay to the Plaintiff all reasonable attorneys' fees plus costs of suit;

E. That SCHOOL BOARD be ordered to pay front pay in lieu of reinstatement; and

F. That the Court grants Plaintiff such other relief as may be just and proper.

## COUNT III AGAINST SCHOOL BOARD
### Retaliation – Title VII

54. Plaintiff repeats each and every allegation of paragraphs 12 through 31 as if fully set forth herein at length.

55. As outlined in the General Allegations incorporated herein, Plaintiff has engaged in protected conduct by reporting discriminatory actions to the appropriate individuals.

56. Plaintiff opposed the Defendant's unlawful employment practices by reporting sex discrimination to the appropriate individuals on multiple occasions.

57. As a result of such conduct, Plaintiff was constructively terminated from employment with the Defendant.

58. There is more than a casual connection between the protected conduct and the termination. Plaintiff's reports of sex discrimination were the reasons for the termination.

9

59. The Defendant took the above-described actions in retaliation for having complained about sex discrimination.

60. A legitimate non-discriminatory and/or non-retaliatory reason does not exist to justify the Defendant's intentional disparate and retaliatory termination of Plaintiff.

61. As a result of the actions as alleged herein, Plaintiff has sustained severe and substantial damages and injuries. She has been constructively terminated from her employment at SCHOOL BOARD.

62. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights, thus entitling Plaintiff to compensatory damages and punitive damages to punish Defendant for its actions and to deter them, and others, from such actions in the future.

63. As a direct, proximate and foreseeable result of SCHOOL BOARD's and its agents' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

64. The actions of SCHOOL BOARD and its agents make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

WHEREFORE, Plaintiff, Michele Price, demands judgment as follows:

    A. That damages be assessed against SCHOOL BOARD for compensatory and emotional stress suffered as a result of the wrongful acts;

    B. That punitive damages be assessed against SCHOOL BOARD as a result of the intentional willfulness and wrongful acts;

    C.    Prejudgment interest and back pay;

    D.    That SCHOOL BOARD be ordered to pay to the Plaintiff all reasonable attorneys' fees plus costs of suit;

    E.    That SCHOOL BOARD be ordered to pay front pay in lieu of reinstatement; and

    A.    That the Court grants Plaintiff such other relief as may be just and proper.

## COUNT IV AGAINST SCHOOL BOARD
### Retaliation Fla. Stat. 760.10

65.    Plaintiff repeats each and every allegation of paragraphs 12 through 31 as if fully set forth herein at length.

66.    Defendant violated Fla. Stat. §760.10(7), Florida Statutes, by retaliating against Plaintiff for reporting sex discrimination or discriminatory treatment.

67.    Such retaliation constituted an unlawful employment practice under §760.10(1), Florida Statutes.

68.    A legitimate, non-discriminatory and/or non-retaliatory reason does not exist to justify Defendant's intentional, disparate and retaliatory termination of Plaintiff.

69.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights under §760.10 and §760.11, Florida Statutes, thus entitling Plaintiff to compensatory damages and punitive damages to punish Defendant for its actions and to deter them, and others, from such actions in the future.

70.    As a direct, proximate and foreseeable result of SCHOOL BOARD's and its agents' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering,

11

inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

71. The actions of SCHOOL BOARD and its agents make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

WHEREFORE, Plaintiff, Michele Price, demands judgment as follows:

A. That damages be assessed against SCHOOL BOARD for compensatory and emotional stress suffered as a result of the wrongful acts;

B. That punitive damages be assessed against SCHOOL BOARD as a result of the intentional willfulness and wrongful acts;

C. Prejudgment interest and back pay;

D. That SCHOOL BOARD be ordered to pay to the Plaintiff all reasonable attorneys' fees plus costs of suit;

E. That SCHOOL BOARD be ordered to pay front pay in lieu of reinstatement; and

F. That the Court grants Plaintiff such other relief as may be just and proper.

### COUNT V AGAINST DEFENDANT MR. RINKER
### Intentional Infliction of Severe Emotional Distress

72. Plaintiff sues Defendant Mr. Rinker for Intentional Infliction of Severe Emotional Distress, readopts and realleges paragraphs 12 through 31 as fully set forth herein, and further alleges:

73. Defendant Mr. Rinker discriminated, harassed, and created a hostile work environment for Plaintiff.

74. Defendant Mr. Rinker exhibited outrageous conduct against Plaintiff.

75. Defendant Mr. Rinker deliberately or recklessly inflicted mental suffering on Plaintiff.

76. Defendant Mr. Rinker's conduct caused Plaintiff severe emotional distress.

77. As a direct, proximate and foreseeable result of Defendant Mr. Rinker's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, Michele Price, demands judgment as follows:

A. That damages be assessed against Defendant Mr. Rinker for compensatory and emotional stress suffered as a result of the wrongful acts;

B. That punitive damages be assessed against Defendant Mr. Rinker as a result of the intentional willfulness and wrongful acts;

C. Prejudgment interest; and

D. That the Court grant Plaintiff such other relief as may be just and proper.

### COUNT IX AGAINST DEFENDANT MR. RINKER
### Negligent Infliction of Severe Emotional Distress

78. If this Court does not determine that Defendant Mr. Rinker is liable under the theory of Intentional Infliction of Severe Emotional Distress, Ms. Price alternatively sues Defendant Mr. Rinker for Negligent Infliction of Severe Emotional Distress, readopts and realleges paragraphs 12 through 31 as fully set forth herein, and further alleges:

79. Defendant Mr. Rinker discriminated, harassed, and created a hostile work environment for Plaintiff, thereby inflicting severe mental suffering on Plaintiff.

80. Defendant Mr. Rinker's conduct caused Ms. Price severe emotional distress.

81. As a result of Defendant Mr. Rinker's unlawful physical impact on Plaintiff's person, Plaintiff has sustained physical injuries, including but not limited to, clinical depression and panic attacks.

82. As a direct, proximate and foreseeable result of Defendant Mr. Rinker's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

83. Defendant Mr. Rinker's wrongful acts discriminating, harassing, and creating a hostile work environment for Plaintiff, are such as to reasonably imply malice or great indifference to Plaintiff, justifying an assessment of exemplary or punitive damages against Defendant Mr. Rinker.

**WHEREFORE**, the Plaintiff, Michele Price, demands judgment as follows:

A. That damages be assessed against Defendant Mr. Rinker for compensatory and emotional stress suffered as a result of the wrongful acts;

B. That punitive damages be assessed against Defendant Mr. Rinker as a result of the intentional willfulness and wrongful acts;

C. Prejudgment interest; and

D. That the Court grant Plaintiff such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, MICHELE PRICE, demands a trial by jury on all issues so triable.

DATED: this 18 day of August, 2010.

MITCHELL L. FELDMAN, ESQ.
Florida Bar No. 0080349
ROBERT K. TUCKER II, ESQ.
Florida Bar No. 0051641
FELDMAN, FOX & MORGADO, P.A.
2701 N. Rocky Point Dr., Suite 1000
Tampa, FL 33607
Phone: (813) 639-9366
Fax:    (813) 639-9376
Attorneys for Plaintiff



**U.S. Department of Justice**

Civil Rights Division

TEP:KDW:ljt
DJ 170-18-0

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

MAY 23 2011

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL 5067 6957
RETURN RECEIPT REQUESTED

EXHIBIT A

Ms. Michele Price
16 Burma Place
Palm Coast, FL 32137

Re:   Michele Price v. County of Flagler, Florida School Board
      EEOC Charge No. 15D-2007-00578

Dear Ms. Price:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 41 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's Miami District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Malcolm S. Medley, District Director, EEOC, One Biscayne Tower, 2 South Biscayne Blvd., Ste. 2700, Miami, FL 33131.

Sincerely,

Thomas E. Perez
Assistant Attorney General
Civil Rights Division

By:   Karen D. Woodard
      Deputy Chief
      Employment Litigation Section

cc:   County of Flagler, Florida School Board
      Kristy J. Gavin, Gen. Counsel
      EEOC, Miami District Office